UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

KURT J. LOWE,

    Plaintiff,

V.

COMMONWEALTH OF KENTUCKY
ATTORNEY GENERAL, et al.,

    Defendants.

Civil Action No. 2: 14-141-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Kurt J. Lowe is a pre-trial detainee confined at the Boone County Jail in Burlington, Kentucky.[1] Proceeding without an attorney, Lowe filed a civil rights action pursuant to 42 U.S.C. § 1983. [R. 1] The Court has granted Lowe's motion to proceed *in forma pauperis* by prior order. [R. 8]

This matter is before the Court to address a number of motions filed by the parties, and to conduct a preliminary review of Lowe's complaint because he has been granted permission to proceed *in forma pauperis* and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. Upon its own motion, a district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] On November 5, 2013, Lowe was charged in the Circuit Court of Boone County, Kentucky, with two counts of Fleeing or Evading Police, two counts of Wanton Endangerment, and two counts of Terroristic Threatening. [R. 30-2, p. 1] Those charges remained pending as of September 30, 2014, following extended pretrial proceedings. *Id*. at pp. 2-33.

from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Lowe's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

# I

In his complaint, Lowe names as defendants the Commonwealth of Kentucky Attorney General's Office; Kentucky Attorney General Jack Conway; the Kentucky State Police ("KSP"); KSP Capt. Greg Crockett; United States Marshal "Agent Romey"; United States Marshal "Agent Chris"; Kentucky State Senator John Schickel; Larry Brown of the Florence City Council; and John Schaaf, legal counsel for the Kentucky Legislative Ethics Commission ("KLEC").[2] Each of the individual defendants is named in his or her individual and official capacity. [R. 1, pp. 1-2]

Lowe alleges that for more than a decade, the Boone County Sheriff's Department "has been used to brutalize and retaliate against citizens who exercise protected rights," and that state judges in Boone and Kenton counties "have been engaged in a court case fixing scandal, to cover up the brutal tactics…" *Id*. at p. 4. This allegation is largely similar, if not identical, to the allegations made by Lowe in another case he filed in this Court, *Lowe v. Boone Co. Sheriff's Dept.*, No. 2:14-92-KKC (E.D. Ky. 2014) ("*Lowe I*"). Generally speaking, Lowe expands upon the allegations in *Lowe I* by contending that the

---

[2] Lowe does not indicate the offices held by defendants Larry Brown or John Schaaf in the body of his complaint, but their positions are described in a response subsequently filed by Lowe. [R. 56, pp. 2-3]

Kentucky Attorney General and the Kentucky State Police "knowingly allowed [the "court case fixing scandal"] to go on, and even assisted in the covering it up." *Id*.

On September 16, 2013, Lowe was charged with threatening Kentucky state senator Schickel during a conversation with an investigator for KLEC. [R.44, p. 4] However, Lowe alleges that it was Larry Brown who "committed the crimes of terroristic threatening, and solicited the murder of Kentucky Senator John Schickel." Lowe states that he made a recording of Brown doing so, and sent it to the Kentucky State Police, but alleges that KSP later concealed that recording, which would have exonerated him of the terroristic threatening charges against him. [R. 1, pp. 5-6]  Lowe also alleges that the Kentucky Attorney General's Office and Conway, Larry Brown, Senator Schickel, John Schaaf, Boone County Sheriff Michael Helmig, Boone County Attorney Bob Neace, as well as federal marshals "Chris" and "Romey" conspired to have Lowe arrested and prosecuted for terroristic threatening directed at Senator Schickel because he had exercised protected rights. Lowe asserts that the defendants illegally searched and seized his property, as well as conspired to fabricate certain evidence and conceal other evidence, all in furtherance of the prosecution against him. *Id*. at pp. 5-6.

Lowe contends that these actions violated his constitutional rights generally, and specifically his rights to be free from unwarranted searches, seizures, and arrest; excessive bail and cruel and unusual punishment; as well as for selective law enforcement, malicious prosecution, and prosecutorial misconduct. Lowe also asserts pendent state law claims for defamation, "malice," "reckless & outrageous conduct," intentional infliction of emotional distress and mental anguish, retaliation, intimidation, coercion, undue influence, duress, negligence, failure to train, failure to supervise, excessive force and criminal assault. Finally, Lowe asserts a separate claim under the

3

civil provisions of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1964 *et seq.* ("RICO"). [R. 1, pp. 6-7]

## II

As an initial matter, the Court will dismiss Lowe's civil RICO claim because Lowe claims only injury to his person, not to his property or business, and fails to allege either a pattern of racketeering activity or that any injury flowed from racketeering activity. *Cf. Santana v. Cook Co. Bd. of Review*, 700 F. Supp. 2d 1023, 1034-35 (N.D. Ill. 2010), *aff'd*, 679 F. 3d 613, 618 (7th Cir. 2012); *Halpin v. Christ*, 405 F. App'x 403, 405-06 (11th Cir. 2010); *Carpenter v. Kloptoski*, No. 1:08-CV-2233, 2010 WL 891825, at *10 (M.D. Pa. March 10, 2010) ("Personal injuries, loss of earnings, and other indirect injuries do not confer standing under RICO."); *Pagan v. Westchester Co.*, No. 12Civ. 7669(PAE)(JCF), 2014 WL 982876, at *17-20 (S.D.N.Y. March 12, 2014).

### A

Second, the Kentucky Attorney General's Office and Jack Conway, in both his official and individual capacity, have moved to dismiss the claims against them. [R. 30] The Attorney General's Office and Conway in his official capacity contend that they are immune from suit with respect to state law claims pursuant to Ky. Rev. Stat. 44.072, and with respect to all claims by virtue of their sovereign immunity because they are arms of the state for Eleventh Amendment purposes. [R. 30-1, pp. 3-6] Conway further asserts that the individual capacity claims against him fail to adequately state a claim for relief, or in the alternative that he is entitled to absolute prosecutorial immunity or qualified immunity. *Id.* at pp. 6-7. Lowe has responded by providing further historical context to his claims, largely in response to Conway's asserted entitlement to prosecutorial and/or qualified immunity [R. 44, pp. 2-6], to which Conway has replied [R. 47].

4

Having review the matter, Lowe's claims against the Commonwealth of Kentucky Attorney General's Office and Kentucky Attorney General Jack Conway in his official capacity must be dismissed as barred by the Eleventh Amendment.  The official capacity claim against Conway is, in reality, a claim against the Attorney General's Office, *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003), and that state agency is an arm of the Kentucky state government entitled to sovereign immunity under the Eleventh Amendment.  *Cf. VIBO Corp., Inc. v. Conway*, 669 F. 3d 675, 691 (6th Cir. 2012).

With respect to Lowe's allegations against Kentucky Attorney General Jack Conway in his individual capacity, his claims are either barred by the statute of limitations or fail to state a claim upon which relief may be granted.

In his motion to dismiss, Conway contends that Lowe's complaint contains only broad and conclusory allegations that he conspired to vindictively prosecute him for exercising his civil rights.  See [R. 1, pp. 4-5; R. 30-1, p. 6]  In his response, Lowe expands significantly upon the threadbare allegations of his complaint, apparently contending that Conway began conducting his vindictive prosecution against him in 2008 because an attorney working for the Attorney General's Office represented the Boone Circuit Clerk in a federal civil rights action Lowe filed against her and others. Lowe alleges Conway then prosecuted him "in abstentia" in state court proceedings and disregarded his repeated written complaints.  [R. 44, p. 3]  Lowe further alleges that following his 2013 arrest he has made various attorneys in the Attorney General's Office aware of his allegations of fraud; that special prosecutor Kathryn Hendrickson has failed to provide the defense with exculpatory evidence; and that he sent several letters complaining about these facts to the Attorney General's Office without response.  [R. 44, p. 5]

Any claim by Lowe against Attorney General Conway arising out of events occurring in 2008 is barred by the statute of limitations, which is one year for civil rights claims arising out of conduct occurring in Kentucky. Ky. Rev. Stat. Ann. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). As for Lowe's "post arrest" claims commencing in 2013, neither of the theories of liability apparently advanced by Lowe provide a viable mechanism for his claims. First, Lowe appears to suggest that Conway may be liable under a municipal liability theory under *Monell v. Department of Social Services of City of New York*, 436 US. 658 (1978). [R. 44, pp. 8-10] Conway correctly responds that he is state, not county, official, and *Monell* provides no basis for recovery against state entities or himself personally. [R. 47, p. 4] To the extent that Lowe is attempting to render Conway liable for the actions or inactions of his subordinates or staff members, this is a form of vicarious liability that § 1983 does not allow. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). Nor does the fact that Conway allegedly failed to act upon or rectify the perceived wrongs set forth in Lowe's complaint letters to his office constitute the kind of personal involvement with the underlying conduct necessary to provide a basis for liability. *Cf. Alder v. Corr. Medical Services*, 73 F. App'x. 839, 841 (6th Cir. 2003). The Court will therefore dismiss Lowe's claims under 42 U.S.C. § 1983 against Attorney General Conway in his individual capacity.

**B**

The Kentucky State Police and KSP Capt. Crockett have also filed a motion to dismiss the complaint. Capt. Crockett indicates that he served as Commander of KSP Post 6 until November 16, 2013, and KSP's involvement in Lowe's case was limited to investigating any threats made against Senator Schickel. [R. 36, p. 2] These defendants indicate that Lowe's complaint is devoid of any specific factual allegations against them,

6

instead claiming in broad conclusory terms that all defendants violated his constitutional rights and state laws. They therefore contend that Lowe's complaint fails to adequately state any claim against them. *Id*. at pp. 3-5. In his response, Lowe indicates that he provided Capt. Crockett with his recording of Brown making threats against senator Schickel, but that Crockett violated Kentucky's Open Records Act when he failed to provide Lowe with a copy of that recording upon request. [R. 56, pp. 2-3]

Lowe's claims against the Kentucky State Police and Capt. Crockett in his official capacity must be dismissed as they are barred by the Eleventh Amendment. Cf. *Kenney v. Paris Police Dept.*, No. 5:07-CV-358-JMH, 2011 WL 1582125, at *4-5 (E.D. Ky. Apr. 26, 2011) ("the Sixth Circuit has previously recognized the Kentucky State Police is entitled to governmental immunity under the Eleventh Amendment.") (*citing Barnes v. Hamilton*, No. 91–5360, 1991 U.S.App. LEXIS 24593, at *4 (6th Cir. 1991)).

Lowe's constitutional claims under § 1983 against Capt. Crockett in his individual capacity will be dismissed for failure to state a claim because he makes no particularized allegations indicating that Crockett's actions violated any of his constitutional rights. "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006). Crockett was unquestionably acting under color of state law, but Lowe's allegations do not even suggest that his actions violated Lowe's constitutional rights, let alone articulate facts which clearly support an inference that Crockett violated an identified constitutional right. Dismissal is therefore required. *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) ("This Court has consistently held that damage claims against government

7

officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right.")

## C

The Court must conduct a preliminary screening of Lowe's claims against each of the remaining defendants as required by 28 U.S.C. §§ 1915(e)(2), 1915A. As noted above, Lowe's complaint alleges that councilman Larry Brown threatened and solicited the murder of Kentucky Senator Schickel, and that Brown, Senator Schickel, KLEC attorney John Schaaf, and federal marshals "Chris" and "Romey" arrested and prosecuted him for threatening Senator Schickel, illegally searched and seized his property, and conspired to fabricate certain evidence and conceal other evidence relevant to the criminal prosecution against him. [R. 1, p. 5]

Lowe's allegations against these defendants in their official capacities fail to state a viable claim for relief. The official capacity claims against federal marshals constitute claims against the United States itself, and hence are barred by the sovereign immunity enjoyed by the United States against constitutional tort claims. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475-76 (1994); *Milligan v. United States*, No. 3:07-1053, 2008 WL 1994823, at *12-13 (M.D. Tenn. May 2, 2008). The official capacity claims against Senator Schickel and KLEC attorney John Schaaf constitute claims against the state agencies or instrumentalities that employ them, and are hence barred by the Eleventh Amendment. *Alkire*, 330 F.3d at 810.³ And the official capacity claim against Florence Councilman

---

³ As members of the legislative, rather than executive, branch of the Kentucky government, Schickel and Schaaf's immunity may also derive from legislative immunity. *Cf. Ford v. Tennessee Senate*, No. 06-2031-BV, 2007 WL 5659414, at *5-7 (W.D. Tenn. Aug. 15, 2007). But the defect in Lowe's assertion of official capacity claims against

8

Brown must fail because Lowe does not allege or demonstrate that his actions were taken pursuant to an official policy or custom of the municipality. *Connick v. Thompson*, ___ U.S. ___, 131 S. Ct. 1350, 1359 (2011).

With respect to the individual capacity claims against these defendants, Councilman Brown's alleged threat against Senator Schickel certainly suggests no actionable violation of *Lowe's* constitutional rights. Lowe's allegation that all of these defendants improperly searched his property; illegally seized, concealed, and/or destroyed evidence; arrested him; and prosecuted him are too vague and nonspecific, both with respect to the alleged actions of each individual defendant and to the constitutional rights implicated, to state a viable claim under § 1983. As a preliminary matter, none of these defendants are state police or prosecutors, and hence were not in a position to (or lacked the authority to) take a number of the actions attributed to them. But more fundamentally, Lowe's complaint is devoid of facts describing what the defendants actually did to seize, destroy, or fabricate evidence, or how their actions caused an illegal search or arrest. Where a complaint does nothing more than recite labels in lieu of facts, it fails to adequately state a claim for relief. *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010) ("Legal conclusions that are 'masquerading as factual allegations' will not suffice.") (*quoting Tam Travel, Inc. v. Delta Airlines, Inc.*, 583 F.3d 896, 903 (6th Cir. 2009). And Lowe's consistent failure to attribute particular actions to a given defendant likewise deprives the complaint of specificity adequate to state a claim. *Cf. Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011)

---

them appears more fundamental, as the actions attributed to them appear wholly unrelated to their duties for the state. As Lowe's official capacity claims against Schickel and Schaaf are already subject to dismissal, the Court does not reach this additional alternative ground.

9

("We must analyze separately whether Heyne has stated a plausible constitutional violation by each individual defendant, and we cannot ascribe the acts of all Individual Defendants to each individual defendant."). Finally, Lowe's allegations speak of a longstanding "case-fixing scandal" in the county, with officials in the local judiciary, police force, and jail receiving support from elected and state government officials in furtherance of this conspiracy. The Sixth Circuit has made clear that "conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003). Lowe's complaint is comprised of the very sort of broad and conclusory allegations - unsupported by specific facts regarding events, dates, persons, and claims - that fails to state a claim for relief under 42 U.S.C. § 1983. The Court will therefore dismiss the individual capacity claims against these defendants.

### D

The Court has thus concluded that all federal claims must be dismissed against the defendants. Having dismissed the claims which provided a basis for federal jurisdiction against these defendants, the Court declines to exercise supplemental jurisdiction over pendent state law claims against them under 28 U.S.C. § 1367(c)(3). The balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) ("[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims.").

Finally, Lowe filed a "Motion for Relief" in which he alleges that staff at the Boone County Jail have interfered with his legal mail, and have impeded his access to the law library and to a computer that is used by inmates to conduct online legal research. [R. 54] This motion is identical to a motion Lowe filed in the fourth case has filed in this Court, *Lowe v. Kentucky Court of Justice*, No. 2:14-CV-168-KKC (E.D. Ky. 2014) [R. 24 therein].

As the Court noted in denying that motion, Lowe appears to have received the mail in question, and none of the staff members about whose conduct he complains are defendants in this action. [R. 28 therein] The Court will therefore deny Lowe's "Motion for Relief" on the same grounds set forth in that November 12, 2014, Order.

Accordingly, **IT IS ORDERED** that:

1. The Motion to Dismiss filed by defendants Commonwealth of Kentucky Attorney General's Office and Jack Conway, in his individual and official capacities [R. 30] is **GRANTED**.

2. The Motion to Dismiss filed by defendants Kentucky State Police and Captain Greg Crockett, in his individual and official capacities [R. 36] is **GRANTED**.

3. The Motion for Relief filed by plaintiff Kurt Lowe [R. 54] is **DENIED**.

4. Lowe's civil RICO claims under 18 U.S.C. § 1964(c) are **DISMISSED** against all defendants.

5. Lowe's claims under 42 U.S.C. § 1983 against the Commonwealth of Kentucky Attorney General's Office; Kentucky Attorney General Jack Conway; the Kentucky State Police; KSP Capt. Greg Crockett; United States Marshal "Agent Romey"; United States Marshal "Agent Chris"; Kentucky State Senator John Schickel; Larry Brown of the Florence City Council; and John Schaaf, legal counsel for the Kentucky

Legislative Ethics Commission, each in his or her individual and official capacities, are **DISMISSED.**

6. Lowe's claims arising under state law against all defendants are **DISMISSED WITHOUT PREJUDICE**.

7. The Court will enter an appropriate judgment.

8. The moratorium established by prior Order of the Court [R. 51, p. 13, ¶ 14] with respect to the filing of new documents in existing cases filed by Lowe is now **LIFTED IN PART**. The Clerk of Court may accept for filing new documents received from Lowe in the following cases:

   a. *Lowe v. Boone County Sheriff's Dept.*, 2:14-CV-92-KKC (E.D. Ky. 2014).
   b. *Lowe v. Kentucky Atty. General*, 2:14-CV-141-KKC (E.D. Ky. 2014).
   c. *Lowe v. Kentucky Court of Justice*, 2:14-CV-168-KKC (E.D. Ky. 2014).

As noted in a prior Order of the Court, the Clerk of the Court must accept and file a notice of appeal received from Lowe in a case even if not listed immediately above.

9. The pre-filing authorization required for the filing of any new civil action [R. 51, pp. 12-13, ¶¶11-12] remains in force.

10. This matter is **STRICKEN** from the active docket.

Dated April 2, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY